|2FOIL, Judge.
In this appeal from a community property partition judgment, the former husband challenges two aspects of the trial court’s decree. For the following reasons, we affirm.
FACTS AND PROCEDURAL BACKGROUND
Mark Francis Carroll and Nancy Dill Carroll were married on September 17, 1983. On February 26, 1997, after filing suit for divorce, Nancy petitioned for the partition of the community property. A *396 hearing of the matter was held on January-14, 1998, at which time the issues of reimbursement and payment of attorney’s fees were taken under advisement. Of relevance in this appeal are two aspects of the court’s subsequent decree. In written reasons for judgment issued on January 20, 1998, the trial court ruled that Nancy’s attorney’s fees in the amount of $6,159.37 are chargeable as a community debt. It further awarded Nancy full ownership of the former marital domicile. Judgment was later signed in conformity with the court’s reasons on May 6, 1998. This appeal by Mark followed.
ATTORNEY’S FEES
In his first assignment of error, Mark claims that the trial court committed reversible error when it found that attorney’s fees incurred by Nancy in connection with her petition for divorce, petition for protective orders, and petition for partition of community property following the termination date of the community property regime were a community obligation under La. Civ.Code art. 2362.1. That articles provides that “[a]n obligation for - attorney’s fees and costs in action for divorce incurred before the date of the judgment of divorce that terminates the .community property regime is a community obligation of that regime.” Mark argues that attorney’s fees incurred in connection with community property partition proceedings or protective order proceedings should not be included in the category of attorney’s fees incurred “in an action for divorce.”
In its reasons for judgment, the trial court found that the terminology “in an action for divorce” contemplates such incidental matters as community |sproperty partition proceedings and proceedings under La. R.S. 46:2131 et seq. (Domestic Abuse Assistance). We agree with the trial court’s interpretation of the article and find no error in its ruling made on that basis. Accordingly, this assignment of error has no merit.
SALE OF FORMER MARITAL DOMICILE
In his last assignment of error, Mark contends the trial court erred in not granting him the first option to purchase the family home (at its appraised value at the time of trial) from Nancy should she elect to sell it. According to Mark, the court’s award of the home to Nancy equated to an allocation to her of $76,683.00 in equity in the home. Despite her assurances to the court that she intended to permanently reside in the home, Nancy sold it shortly after the partition judgment was signed. On Mark’s motion, the proceeds of the sale were deposited into the registry of the court pending the outcome of this appeal. Mark urges that the only fair resolution of this matter is that he and Nancy share equally in the net proceeds of the sale in excess of the amount of equity allocated to Nancy in the partition judgment.
Nancy argues that there is no statutory or jurisprudential support for Mark’s alleged grievance. We agree. Valuations of assets in a partition proceeding are made on the basis of the parties’ Sworn Detailed Descriptive Lists. In this case, the property’s value was listed at $75,000.00 in both parties’ descriptive lists. Mark cannot now complain simply because Nancy sold the property for more than he agreed it was worth. This assignment of error is without merit.
For the above reasons, the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.