FILED BY CLERK

SEP –3 2010

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| CARDINAL & STACHEL, P.C., an Arizona professional corporation, | ) ) ) | |
| | ) | 2 CA-CV 2009-0163 |
| Plaintiff/Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| KIERAN CURTISS, widower of LEELA CURTISS (deceased); ESTATE OF LEELA CURTISS, | ) ) ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CV200900627

Honorable James L. Conlogue, Judge

REVERSED AND REMANDED

Cardinal & Stachel, P.C.
  By Robert D. Stachel, Jr., and Carolyn A. Fritz                     Sierra Vista
                                        Attorneys for Plaintiff/Appellant

Law Office of Michael Johns
  By Charles M. Johns                                                 Sierra Vista
                        Attorneys for Defendant/Appellee Kieran Curtiss

K E L L Y, Judge.

¶1        Appellant Cardinal & Stachel, P.C., ("the law firm") appeals from the trial court's dismissal of its claim against Kieran Curtiss for attorney fees incurred by his wife Leela, who died while their marriage dissolution proceedings were pending. The law firm maintains the court erred in determining the fees were not community debts for which Kieran was liable after his wife's death. We agree and therefore reverse the trial court's judgment.

## Background

¶2        "On review of a trial court's decision granting a motion to dismiss, we assume the truth of the allegations set forth in the complaint . . . ." *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996). In May 2008, Leela Curtiss entered into a fee agreement with the law firm "for Representation and Advice Related to: Dissolution of Marriage/Legal Separation; Temporary Orders." Leela died in May 2009 and the dissolution case was dismissed that month.

¶3        The law firm brought this action in June 2009, seeking to recover its fees from Kieran, as Leela's widower, and from Leela's estate.[1] Kieran, "in his individual capacity," moved to dismiss the complaint, arguing the law firm had failed to state a claim upon which relief could be granted. *See* Ariz. R. Civ. P. 12(b)(6). Stating it would consider "only the issues of whether the attorney's fees are considered Community Debt and . . . 'necessaries,'" the trial court reasoned the fees were not community debts

---

[1]There is nothing in the record before us pertaining to Leela's estate.

because they were incurred to destroy the community, granted Kieran's motion, and dismissed the case. This appeal followed.

## Discussion

**¶4** The law firm contends the trial court erred in granting Kieran's motion to dismiss. It maintains that because debts incurred during a marriage are presumed to be community debts and because the Curtiss's marriage was never dissolved, it is entitled to collect from Kieran the legal fees Leela incurred during the dissolution proceeding. "Generally, we review a trial court's grant of a motion to dismiss for abuse of discretion, but we review issues of statutory interpretation de novo." *T.P. Racing, L.L.L.P. v. Ariz. Dep't of Racing*, 223 Ariz. 257, ¶ 8, 222 P.3d 280, 282 (App. 2009). And, we will "uphold dismissal only if the plaintiffs would not be entitled to relief under any facts susceptible of proof in the statement of the claim." *Mohave Disposal*, 186 Ariz. at 346, 922 P.2d at 311.

**¶5** The transcripts of the proceedings have not been made part of the record on appeal. Generally, in the absence of transcripts, we presume they support the trial court's factual findings and rulings, *Kohler v. Kohler*, 211 Ariz. 106, n.1, 118 P.3d 621, 623 n.1 (App. 2005).[2] But, in this case, the trial court made clear in its ruling that it was addressing solely the legal issue of whether attorney fees incurred in a divorce

---

[2]As the appellant, the law firm was obligated to "mak[e] certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised." *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995); *see also* Ariz. R. Civ. App. P. 11(b).

proceeding can be community debt. And, because Kieran moved to dismiss the petition pursuant to Rule 12(b)(6), the trial court could not have considered evidence outside the pleadings without converting the motion to one for summary judgment, which it did not do.[3] *See* Ariz. R. Civ. P. 12. Thus we address this legal question of first impression in this state on its merits.

**¶6** "Generally, all debts incurred during marriage are presumed to be community obligations unless there is clear and convincing evidence to the contrary." *Schlaefer v. Fin. Mgmt. Serv., Inc.*, 196 Ariz. 336, ¶ 10, 996 P.2d 745, 748 (App. 2000). As exceptions to this general rule, the legislature has set forth several instances in which "joinder of both spouses is required" in order to bind the community. A.R.S. § 25-214. Section 25-214 requires such joinder after service of a petition for dissolution of marriage when that petition ends in dissolution, but it does not require joinder for fees incurred before the petition is filed, or for fees incurred when no dissolution ultimately occurs.

**¶7** Outside of the specific exceptions set forth in § 25-214, "[t]he test of whether an obligation is a community debt" is whether the obligation is "'intended to benefit the community.'" *Schlaefer*, 196 Ariz. 336, ¶ 10, 996 P.2d at 748, *quoting*

---

[3]A "Rule 12(b)(6) motion that refers to a contract or other document attached to the complaint does not trigger Rule 56[, Ariz. R. Civ. P.,] treatment pursuant to Rule 12(b) because the referenced matter is not 'outside the pleading' within the meaning of the rule." *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, ¶ 10, 226 P.3d 1046, 1049 (App. 2010), *citing* Ariz. R. Civ. P. 10(c) ("copy of a written instrument which is an exhibit to a pleading is a part thereof for all purposes").

*Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 294, 877 P.2d 1345, 1350 (App. 1994); *see also* A.R.S. § 25-215(D) ("Except as prohibited in [A.R.S.] § 25-214, either spouse may contract debts and otherwise act for the benefit of the community."). We disagree with the trial court's conclusion that attorney fees incurred during a dissolution proceeding can never be incurred for the benefit of the community and we cannot say these fees are debts in "no way connected with the community and from which the community receives no benefit." *Hamada v. Valley Nat'l Bank*, 27 Ariz. App. 433, 436, 555 P.2d 1121, 1124 (1976). Indeed, although initially counterintuitive in the context of dissolution proceedings, in some cases the community may benefit from the orderly and lawful division of assets, including temporary orders which protect community assets. And, in certain circumstances, the advice of counsel and the entry of temporary orders providing for a spouse's necessary living expenses may, when coupled with mediation or counseling, actually preserve the marriage.

¶8 Our legislature has viewed legal representation as sufficiently important to the dissolution process to include it, along with "necessities of life" in the expenditures either party may make from community assets after [the] filing of a petition for dissolution.[4] A.R.S. § 25-315(A)(1)(a). Likewise, in discussing whether attorney fees

---

[4]At oral argument, the law firm requested a ruling that reasonable attorney fees always are community debt under § 25-315(A)(1)(a). Although that section allows a spouse to encumber community assets, so does A.R.S. § 25-214(C), and a debt incurred under § 25-214(C) still must benefit the community in order to be classified as community debt under § 25-215(D). *See Zork Hardware Co. v. Gottlieb*, 170 Ariz. 5, 6, 821 P.2d 272, 273 (App. 1991) ("While either spouse may bind the community under

could be awarded to a spouse who was not destitute under A.R.S. § 25-324, this court recognized the principle that "*every* spouse . . . owes a duty of support to his or her marital partner," and that duty extends to the payment of dissolution-incurred attorney fees under certain circumstances. *Magee v. Magee*, 206 Ariz. 589, ¶ 14, 81 P.3d 1048, 1051 (App. 2004).

¶9 Additionally, we note that in a community where children are present, child custody will be determined in the dissolution proceeding and the best interests of the child must be served in that determination. A.R.S. § 25-403. Thus, attorneys for the spouses also play a role in benefiting the children of the community in dissolution. *Cf. Bustos v. Gilroy*, 751 P.2d 188, 190-91 (N.M. Ct. App. 1988) (although concluding attorney fees not presumptively community debt, finding fees relating to child custody issues community debt in light of statute providing that debts are community unless, inter alia, they do not benefit "spouses or their dependents").

¶10 In order to constitute community debt, a debt need not be incurred with the primary intent of benefiting the community. *Hofmann Co. v. Meisner*, 17 Ariz. App. 263,

---

A.R.S. § 25-214(C) . . . [t]he authority to contract debts extends only to those 'for the benefit of the community' under § 25-215."), *quoting* § 25-215. We see no meaningful distinction between the authority granted to spouses under § 25-214(C) and that granted in § 25-315(A)(1)(a), and therefore cannot agree with the law firm's assertion that the "benefit" requirement should not be applied here. Reading § 25-315 as broadly as the law firm urges essentially would render the "benefit" requirement of § 25-215(D) meaningless. *See Hanson Aggregates Ariz., Inc. v. Rissling Constr. Group, Inc.*, 212 Ariz. 92, ¶ 6, 127 P.3d 910, 912 (App. 2006) ("In interpreting a statute, we are required to read the statute as a whole and give meaningful operation to all of its provisions and ensure an interpretation that does not render meaningless other parts of the statute.").

268, 497 P.2d 83, 88 (App. 1972). Rather "[a]ll that is required is that some benefit was intended for the community." *Id.* Furthermore, no actual pecuniary benefit need be received by the community. *Lorenz-Auxier Fin. Group, Inc. v. Bidewell*, 160 Ariz. 218, 220, 772 P.2d 41, 43 (App. 1989). Thus, the fact that attorney fees may benefit the client spouse more than the community as a whole is not determinative; rather, there need only be some intent to benefit the community. If such intent exists, the attorney fees can be a community debt, despite the fact the proceeding in which they are incurred ultimately will divide the community assets and terminate the community.

¶11        As the law firm points out, Kieran has not cited, nor has our review found, "any cases in other community property jurisdictions that *disallow* attorney's fees incurred in dissolution of marriage actions." Although the cases the law firm cites in support of its argument are distinguishable based upon differences in state law, they generally support the proposition that attorney fees incurred in a dissolution action can, under some circumstances, be community debt. As noted above, even though New Mexico courts have rejected the argument that such fees are presumptively community debt, they have characterized fees incurred in relation to child custody matters as community debt. *See Bustos*, 751 P.2d at 190-91. Louisiana provides by statute that these fees are community debt. La. Civ. Code Ann. art. 2362.1 (2009) ("An obligation incurred before the date of a judgment of divorce for attorney fees and costs in an action for divorce and in incidental actions is deemed to be a community obligation."); *Carroll*

*v. Carroll*, 753 So. 2d 395, 395-96 (La. Ct. App. 2000).[5] And, although it was not the primary issue before the court, in *Wileman v. Wade*, the Texas Court of Appeals accepted a trial court's finding that attorney fees incurred by a wife during a dissolution action were community debt. 665 S.W.2d 519, 520 (Tex. App. 1983); *see also Sandone v. Miller-Sandone*, 116 S.W.3d 204, 205, 208 (Tex. App. 2003) (stating "attorney's fees incurred in connection with the divorce are presumptively a community debt" and court "may apportion [them] . . . as part of a just and right division of property."). In sum, other community property states have identified circumstances in which attorney fees incurred in dissolution are community debt.

¶12      We agree that attorney fees incurred in dissolution may, in some circumstances, be community debt. But here, the trial court concluded that attorney fees incurred in a dissolution proceeding could never be community debts, as a matter of law. Thus, on the record before us, the court did not address whether Leela had evinced any intent to benefit the community. Accordingly, on remand the trial court should consider whether Leela intended a benefit to the community and if, therefore, the attorney fees at issue here were community debt. In so doing, the court should disregard Leela's "subjective intent" and consider "only the surrounding circumstances at the time of the

---

[5]Idaho also had such a statutory provision, but it since has been eliminated. *See Bell v. Bell*, 835 P.2d 1331, 1338 (Idaho Ct. App. 1992).

transaction . . . in ascertaining h[er] objective intent." *Hofmann*, 17 Ariz. App. at 267, 497 P.2d at 87.[6]

¶13　　　Finally, we note Kieran moved to dismiss "in his individual capacity, and not as the Personal Representative of the Estate of Leela Curtiss." As mentioned earlier, the trial court stated in its ruling that it would address only the legal issue whether the attorney fees were community debt. But, it dismissed the complaint entirely, not just against Kieran in his individual capacity. The law firm does not specifically challenge the dismissal of the complaint against any such estate.[7] *See* Ariz. R. Civ. App. P. 13(a)(6).

## Disposition

¶14　　　The judgment of the trial court, including its award of attorney fees, is reversed as to Kieran Curtiss and the matter is remanded for further proceedings consistent with this decision. The law firm requests an award of its attorney fees and costs incurred in prosecuting this matter on appeal and in the trial court, pursuant to A.R.S. §§ 12-341 and 12-341.01. "Because the award of fees incurred at trial lies within

---

[6]Notably, Leela died before the dissolution of her marriage to Kieran was final, so the two were still married at the time of her death. We therefore need not consider whether Leela could unilaterally bind the community after she filed the petition for dissolution. *See* § 25-214(C)(3) (Joinder of both spouses required "[t]o bind the community, irrespective of any person's intent with respect to that binder, after service of a petition for dissolution of marriage, legal separation or annulment if the petition results in a decree of dissolution of marriage, legal separation or annulment.").

[7]Because the law firm has not addressed this issue, we do not consider it.

the discretion of the trial court, we remand for that determination [as well]." *Sanders v. Foley*, 190 Ariz. 182, 190, 945 P.2d 1313, 1321 (App. 1997). On appeal, the law firm is entitled to its costs as the prevailing party, *see* § 12-341, and that request is granted upon its compliance with Rule 21, Ariz. R. Civ. App. P. In our discretion, however, we deny its request for attorney fees on appeal. *See Schwab Sales, Inc. v. GN Constr. Co.*, 196 Ariz. 33, ¶ 14, 992 P.2d 1128, 1132 (App. 1998).

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

10