NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

DAVID HELMREICH, et al., *Plaintiffs/Appellants*,

*v.*

ARIZONA'S HEALING CENTER LLC, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 19-0435
FILED 4-21-2020

---

Appeal from the Superior Court in Maricopa County
No.  CV 2014-009532
The Honorable Daniel G. Martin, Judge

**AFFIRMED**

---

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

Calvin L. Raup, PLLC, Phoenix
By Calvin L. Raup
*Co-Counsel for Plaintiffs/Appellants*

Gage & Mathers LTD, Phoenix
By Martin H. Mathers
*Co-Counsel for Plaintiffs/Appellants*

Grasso Law Firm, P.C., Chandler
By Robert Grasso, Jr.
*Co-Counsel for Defendants/Appellees Arizona's Healing Center LLC, Josh Lannon and Lisa Lannon*

Osborn Maledon, P.A., Phoenix
By Thomas L. Hudson, Eric M. Fraser
*Co-Counsel for Defendants/Appellees Arizona's Healing Center LLC, Josh Lannon and Lisa Lannon*

Wicker Smith O'Hara McCoy & Ford, P.A., Phoenix
By Mandi J. Karvis
*Counsel for Defendants/Appellees Ravi Chandiramani, N.D. and Nisha Bhatia, M.D.*

---

**MEMORANDUM DECISION**

---

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1       Plaintiffs David and Mary Helmreich (collectively, "Helmreich") appeal the superior court's order granting Arizona's Healing Center's[1] motion for new trial following a jury verdict in favor of Helmreich. Because the court did not abuse its broad discretion, we affirm.

**BACKGROUND**

¶2       For much of his life, Jay Helmreich ("Jay") struggled with a rare physical disorder, a mental disorder, and substance abuse. To address the substance abuse problem, he began treatment at the Center in April 2013. While there, he was examined, treated, and prescribed medications by Dr. Ravi Chandiramani. He was released from treatment in July, after

---

[1]       Helmreich's first amended complaint included several defendants: Arizona's Healing Center LLC, ("the Center); Ravi Chandiramani, a naturopathic doctor and medical provider for the Center; Nisha Bhatia, Dr. Chandiramani's spouse; and Josh and Lisa Lannon, the Center's owners. Because resolution of this appeal does not require differentiating among defendants, we refer to them collectively as "AHC."

which he intermittently engaged in outpatient therapy through the Center. But by September, Jay was beginning to relapse and unsuccessfully sought readmission. On December 15, Jay died from respiratory arrest caused by "an acute heroin overdose." Testing revealed that cocaine was found in his blood and urine.

**¶3**   In 2014, Helmreich filed a complaint against AHC for medical negligence and wrongful death, later adding claims of fraud and breach of contract. The case proceeded to trial in 2018 on claims of medical negligence, consumer fraud, and negligent hiring, training, or supervision. AHC's proposed jury instructions included the following, based upon A.R.S. § 12-711:[2]

> Affirmative Defense when Decedent is Under the Influence

> If the Defendants prove that Jay Helmreich was under the influence of a drug and, as a result of that influence, Jay Helmreich was at least fifty percent (50%) responsible for the incident or event that caused his death, you may find Defendants not liable to Plaintiffs.

**¶4**   During opening statements, Helmreich's counsel explained to the jury the defenses it would be hearing, including the following:

> [T]here's really going to be one defense, I think, and that is there's a statute in Arizona that says if you find that Jay's death was at least 50 percent his fault, you may, but are not required to, return a verdict for the defense. You can ignore what they did, if you think this death was at least 50 percent Jay's fault. And so the defense, I believe, is going to . . . blame the victim.

After the close of evidence, the superior court heard arguments from the parties' counsel as to whether the § 12-711 instruction should be given. The court expressed its concern that because Jay's death was essentially simultaneous with the heroin injection, the statute may not apply because it "speaks to previous intoxication." AHC argued there was nothing in the statute addressing the timing of the drug use, and under the statute's plain language, injection of the heroin alone was sufficient to allow the instruction. AHC also contended that its expert witness testified that in the hours preceding the heroin injection, Jay had also consumed cocaine, which

---

[2]  AHC's proposed instruction essentially tracked the jury instruction at issue in *Franklin v. Clemett*, 240 Ariz. 587, 591, ¶ 4 (App. 2016).

would have "place[d] him under the influence of a drug." Helmreich countered that the statute was designed to apply only if the "conduct of a person is affected by intoxication" and that there must be a "causative mechanism between the intoxication and the event in question." After further discussion with counsel, the court indicated it was a "very close call" but ultimately declined to give the instruction, concluding "that the intoxication is a causative factor and that is not what we have on the facts of this case . . . [T]here was an injection, [and] almost simultaneous death."

¶5 After a 12-day trial, the jury found in favor of Helmreich for medical negligence, consumer fraud, and negligent hiring, training, or supervision. The jury awarded Helmreich (collectively) four million dollars and found Jay fifty-five percent at fault, apportioning the other forty-five percent of fault among the defendants. AHC filed a motion for new trial, supported by several trial transcript excerpts, asserting, inter alia, the court erred in denying the proposed § 12-711 jury instruction. AHC argued the superior court's reasoning for denying the instruction conflicted with the facts and the law. AHC asserted the instruction was required for several reasons, one of which was that the evidence presented at trial showed Jay's "death occurred after using heroin [and] that he likely would have used the cocaine at some point prior to using heroin." The court granted the motion, noting it "was persuaded[] by the reasoning" set forth by AHC and that "the [c]ourt erred by refusing to instruct the jury on A.R.S. § 12-711." Helmreich timely appealed.

## DISCUSSION

¶6 We review the superior court's order granting a new trial for an abuse of discretion, *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 403, ¶ 88 (App. 2012), and afford the court "wide discretion" in granting a new trial, *City of Glendale v. Bradshaw*, 114 Ariz. 236, 237–38 (1977). We will affirm an order for a new trial "unless the probative force of the evidence clearly demonstrates that the [order] is wrong and unjust." *Smith v. Moroney*, 79 Ariz. 35, 39 (1955). Further, our standard of review is "more liberal . . . when reviewing an order granting a new trial than an order denying one." *McBride v. Kieckhefer Assocs.*, 228 Ariz. 262, 266, ¶ 16 (App. 2011).

¶7 Helmreich argues the order granting a new trial was legally incorrect and an abuse of discretion because § 12-711 does not change the application of typical comparative fault principles, and thus the jury instructions were sufficient. The statute provides as follows:

> In any civil action, the finder of fact may find the defendant not liable if the defendant proves that . . . the decedent was under the influence of an intoxicating liquor or a drug and as a result of that influence the . . . decedent was at least fifty per cent responsible for the accident or event that caused the . . . decedent's harm.

A.R.S. § 12-711. Arizona law has adopted the comparative fault approach to torts, meaning damages are allocated proportionally, and plaintiffs can only recover damages to the degree they are not at fault. *See* A.R.S. § 12-2505. But § 12-711 modifies the traditional comparative fault approach by providing that if the plaintiff or decedent was at least fifty percent responsible, the finder of fact *may* find the defendant not liable. *See Franklin*, 240 Ariz. at 593, ¶ 11 (explaining that § 12-711 is permissive in that a fact finder may find a defendant not liable if the plaintiff was "under the influence" and was at least 50% responsible for the event that caused his harm). Here, AHC requested an instruction based on its affirmative defense alleged under § 12-711; that defense is not encompassed within the comparative fault instructions. Helmreich's argument that the jury instructions that were given, which only cover traditional comparative fault principles, "adequately covered the substance" of § 12-711 is incorrect.

¶8            In its motion for new trial, AHC argued that no other instruction given to jurors instructed them on this statutory defense. The superior court decided a new trial was necessary after being "persuaded[] by the reasoning set forth" in AHC's motion, and thus we can affirm on this point alone. *See Mutschler v. City of Phoenix*, 212 Ariz. 160, 162, ¶ 8 (App. 2006) ("We will affirm the trial court's ruling if the court was correct for any reason.")

¶9            Helmreich next argues that no facts support using A.R.S. § 12-711 in the jury instructions. In pressing this argument, Helmreich contends that AHC was required to *prove* Jay was under the influence of an "intoxicating drug" to permit the jury to be instructed on § 12-711. However, AHC was "entitled to an instruction on any theory of the case if reasonably supported by the evidence." *A Tumbling-T Ranches v. Flood Control Dist. of Maricopa Cty.*, 222 Ariz. 515, 533, ¶ 50 (App. 2009). Therefore, AHC's entitlement to an instruction was predicated on its ability to identify evidence in the record supporting the instruction that would permit the jury to decide whether to find that AHC was not at fault. Stated differently, if a genuine dispute of material fact existed as to whether AHC was entitled to rely on the affirmative defense provided by § 12-711, it was entitled to a jury instruction on that defense. *Cf. Glazer v. State*, 237 Ariz. 160, 167, ¶ 29

(2015) (explaining that the standards for granting judgment as a matter of law and a motion for summary judgment are the same).

**¶10**        We cannot determine, however, whether § 12-711 and its modified comparative fault principles are supported by the facts of this case because Helmreich did not provide us with transcripts of the 12-day jury trial. *See* ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant *must* include in the record transcripts of *all proceedings containing evidence relevant to that judgment, finding or conclusion*.") (emphasis added). Because we have only the limited transcript excerpts provided by AHC in connection with its motion for a new trial, we must presume that the evidence included in the missing transcripts supports the trial court's ruling. *See Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

**¶11**        Helmreich contends there was no need to provide transcripts because AHC provided all the relevant portions of testimony as exhibits in its motion for a new trial. But it is Helmreich's duty, as the appellant, to provide the transcripts necessary to properly decide the issues raised on appeal. *See* ARCAP 11(c)(1)(B); *Baker*, 183 Ariz. at 73 ("A party is responsible for making certain the record on appeal contains all transcripts or other documents necessary for us to consider the issues raised on appeal."). And we cannot properly review whether the court abused its discretion if we have only piecemeal portions of the record. Helmreich cites no authority suggesting an appellate court can evaluate whether reasonable evidence existed to support a jury instruction without, at a minimum, the transcripts containing the testimony presented at trial. *Cf. Cardinal & Stachel, P.C. v. Curtiss*, 225 Ariz. 381, 383, ¶ 5 (App. 2010) (noting that transcripts of proceedings are unnecessary if the issue is purely legal). Without transcripts, we are unable to tell what testimony would support instructing the jury on the § 12-711 affirmative defense. Thus, we must assume the missing transcripts support the court's decision to grant a new trial and no abuse of discretion occurred. As such, we need not address Helmreich's arguments relating to statutory construction.

**CONCLUSION**

¶12      We affirm the court's order granting AHC's motion for new trial.



AMY M. WOOD • Clerk of the Court
FILED:  AA