NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KRISTI LATTIN, *Plaintiff/Appellee,*

*v.*

SHAMROCK MATERIALS LLC, et al., *Defendants/Appellants.*

No. 1 CA-CV 20-0245
FILED 1-7-2021

Appeal from the Superior Court in Maricopa County
No. CV2017-011398
The Honorable Lindsay P. Abramson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Brier Irish Hubbard & Erhart PLC, Phoenix
By Teresa H. Foster
*Counsel for Plaintiff/Appellee*

Sacks Tierney PA, Scottsdale
By Patrick J. VanZanen, Michael L. Kitchen
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maurice Portley[1] joined.

---

**P E R K I N S**, Judge:

¶1       Shamrock Materials LLC, Diana Gignac, and Daniel Gignac (collectively, "Shamrock"), appeal from the superior court's ruling quashing a writ of garnishment. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2       In 2005, Kristi Lattin, Diana Gignac, and Carol Lee Ortega-McCann, formed Shamrock Materials LLC. Before ratifying an operating agreement, the parties discussed providing Lattin with an option to become a member as opposed to making her a member outright. The parties articulated this arrangement via a provision in a Profit Participation Agreement ("PPA"). Under the terms of the PPA, Lattin received the option to convert her profit interest into an equal membership interest in exchange for one dollar. The PPA also contained a fee-shifting provision: "[i]n the event that any Party shall commence any legal proceedings for the enforcement of this Agreement, the prevailing party shall be entitled, . . . , all of his or its costs and expenses in connection with such action, including, . . . , a reasonable sum as and for attorneys' fees." The parties executed the PPA in January 2006. The PPA expressly stated that each party contracted as a married woman, dealing with her sole and separate property.

¶3       In 2008, Ortega-McCann terminated her membership interest in Shamrock Materials LLC. Lattin and Gignac redeemed Ortega-McCann's interest pursuant to a Membership Interest Redemption Agreement. At that time, Lattin and Gignac amended the PPA to reflect their increased profit interests after Ortega-McCann's departure.

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

¶4        In August 2017, Lattin sued Shamrock alleging various claims, including breach of contract, unjust enrichment, and conversion. In its answer, Shamrock requested attorneys' fees and costs against Lattin and her husband ("Husband") "based upon [Husband] soon being named a necessary party." Shamrock did not raise any counterclaims and did not join Husband.

¶5        In June 2018, Lattin amended her original complaint. In its subsequent answer, Shamrock again requested attorneys' fees against Lattin and Husband anticipating Husband's joinder as a necessary party. Shamrock did not raise any counterclaims and never joined Husband.

¶6        In September 2019, the superior court entered judgment in favor of Shamrock on all claims. The court awarded Shamrock attorneys' fees of $129,094.18 and taxable costs of $1,687.95 under the PPA's fee-shifting provision.

¶7        After prevailing in its defense against Lattin, Shamrock sought to collects its attorneys' fees and costs. During judgment enforcement proceedings, the superior court directed the parties to file simultaneous briefs addressing whether Shamrock could enforce its judgment against Lattin's community property. The court then concluded that Shamrock could examine and question Lattin about her community property. But the court declined to address whether community property could be "garnished, attached, or otherwise forced to pay the underlying judgment" because it found the issue not ripe.

¶8        In February 2020, Shamrock garnished Lattin's bank account which Lattin claimed contained community assets. Lattin applied for an order to show cause why Shamrock should not be enjoined from attaching her community property. The superior court then quashed the garnishment and ruled that the judgment against Lattin could not be enforced against Lattin's community property.

¶9        Shamrock timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(c).

## DISCUSSION

¶10        This appeal turns on whether A.R.S. § 25-215(D) requires a defendant pursuing attorneys' fees, after successfully defending a claim from a plaintiff who sued in her name only, to join the plaintiff's spouse in order to reach the plaintiff's community property. We generally review the superior court's garnishment judgment for an abuse of discretion. *Carey v.*

*Soucy*, 245 Ariz. 547, 552, ¶ 19 (App. 2018). We review issues of statutory interpretation *de novo*. *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001).

**¶11** Shamrock argues the superior court erred in finding that a judgment solely against Lattin precludes enforcement of the judgment against the couple's community assets.

**¶12** In most circumstances, either spouse can control and encumber the assets of the marital community. *See* A.R.S. § 25-214(B) ("The spouses have equal management, control, and disposition rights over their community property and have equal power to bind the community."). Under A.R.S. § 25-214(C), either spouse may bind the community unilaterally, subject to three exceptions that do not apply here.

**¶13** In an action on a community debt or obligation falling outside the three exceptions, "the spouses shall be sued jointly and the debt or obligation shall be satisfied: first, from the community property, and second, from the separate property of the spouse contracting the debt or obligation." A.R.S. § 25-215(D).

**¶14** The initial question is whether the judgment against Lattin is a community debt or obligation. "Generally, all debts incurred during marriage are presumed to be community obligations unless there is clear and convincing evidence to the contrary." *Schlaefer v. Fin. Mgmt. Serv., Inc.*, 196 Ariz. 336, 339, ¶ 10 (App. 2000). "'[T]he test of whether an obligation is a community debt' is whether the obligation is 'intended to benefit the community.'" *Cardinal & Stachel, P.C. v. Curtiss*, 225 Ariz. 381, 383, ¶ 7 (App. 2010) (quoting *Schlaefer*, 196 Ariz. at 339, ¶ 10). The question of intent is an issue of fact, left to the trier of fact. *Chopin v. Chopin*, 224 Ariz. 425, 428, ¶ 7 (App. 2010).

**¶15** The superior court did not make factual findings as to whether the judgment against Lattin is a community debt or obligation. Instead, the superior court limited its finding to Shamrock's inability to garnish the couple's community property absent a judgment against Husband. Even assuming, without deciding, that the judgment against Lattin amounts to a community debt, Shamrock failed to pursue the debt in accordance with A.R.S. § 12-215(D).

**¶16** The plain language of A.R.S. § 25-215(D) requires a party seeking recourse from community assets to join both spouses. Shamrock first argues that A.R.S. § 25-215(D) does not require joinder of Lattin's Husband because Shamrock never "sued" Lattin. That Shamrock did not

initiate the suit ultimately resulting in the judgment against Lattin does not negate the procedural requirement that both spouses be joined in order to access the couple's community assets. *See C & J Travel, Inc. v. Shumway*, 161 Ariz. 33, 36 (App. 1989) ("[A.R.S. § 25-215(D)] require[es] joinder of both spouses in order to make the community liable.")

¶17        Notably, several procedural alternatives existed to join Husband throughout litigation. Shamrock acknowledges as much. In its initial answer, Shamrock expressly sought attorneys' fees and costs against Lattin and Husband. Evidently anticipating that it would join Husband as a necessary party to the litigation, Shamrock stated: "it is really [Husband] who is the interested party here, not Plaintiff Lattin, and it is their community property at interest here, not Plaintiff's separate property, and [Husband] is a proper and necessary party to this litigation." Even after Lattin amended her original complaint, Shamrock repeated these same assertions yet never joined Husband. Shamrock's failure to join Husband before the superior court entered judgment against Lattin forecloses its ability to garnish Lattin's community property. The superior court did not err.

¶18        Both parties request attorneys' fees and costs under the parties' PPA. As the prevailing party, we award Lattin reasonable attorneys' fees on appeal subject to her compliance with ARCAP 21.

## CONCLUSION

¶19        We affirm.

