NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

TIFFANY MARIE SCHEIRER,
*Petitioner/Appellee*,

v.

JERRY SCHEIRER,
*Respondent/Appellant*.

No. 1 CA-CV 21-0272 FC
FILED 2-1-2022

Appeal from the Superior Court in Maricopa County
No.  FN2019-095698
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Law Office of Julie Gunnigle, PLLC, Scottsdale
By Julie R. Gunnigle
*Counsel for Petitioner/Appellee*

Bautista Law Group, PLLC, Chandler
By Lindsay Bautista
*Co-Counsel for Respondent/Appellant*

The Murray Law Offices, PC, Scottsdale
By Stanley D. Murray
*Co-Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

---

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Paul J. McMurdie joined.

---

**W E I N Z W E I G**, Judge:

¶1        Jerry Scheirer ("Husband") appeals from the family court's dissolution decree ending his marriage to Tiffany Marie Scheirer ("Wife"). He contests the court's characterization and division of debts and assets, and denial of his request for attorney fees. We find no error and thus affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Husband and Wife married in November 2006. In December 2019, thirteen years later, Wife petitioned to dissolve the marriage and vacated the marital home. Husband remained in the home and continued to live there. He assured Wife he would purchase her share of the home's equity after he refinanced the mortgage.

¶3        Two months later, Wife moved for a temporary order directing Husband to vacate the home so it could be sold. The family court denied Wife's motion, awarding Husband temporary use of the home.

¶4        The dissolution action was tried in February 2021. Husband had still not refinanced the mortgage. The court heard testimony from Husband, Wife and a loan officer who corresponded with Husband. A week later, the court issued the dissolution decree, ordering the parties to sell the marital home and share the proceeds equally. The court also divided Husband's retirement account, apportioned the community's credit card debt, and denied attorney fees to either party because no financial disparity existed and both parties had "acted unreasonably in the litigation." The court denied Husband's motion to alter or amend the decree. Husband appeals. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

### DISCUSSION

### I.        Division of Community Property

¶5        Husband appeals the family court's division of community property. We review the court's decision for an abuse of discretion,

*Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007), and will affirm the decision unless it is unsupported by record evidence or the court legally erred, *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012). We view the evidence in the light most favorable to the court's rulings, deferring to its factual findings unless clearly erroneous. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998).

*The Marital Home*

**¶6**         Husband argues the family court abused its discretion by ordering the parties to sell the marital home and equally divide the proceeds because he wanted to refinance and acquire the home.

**¶7**         A family court must divide the community property "equitably, though not necessarily in kind." A.R.S. § 25–318(A). To facilitate an equitable distribution, the court can order the sale of community property. *See Lee v. Lee*, 133 Ariz. 118, 121 (App. 1982) ("The trial court's broad discretionary powers include the power to order a sale of community property when it will facilitate the equitable division of the property.").

**¶8**         No abuse of discretion occurred here. After hearing the evidence and argument, the court ordered the parties to sell the marital home and equally share the sales proceeds, which meant that Husband needed to move out. The court heard testimony from Husband, Wife and a loan officer who corresponded with Husband. More than a year after Wife petitioned for dissolution, she remained a couch nomad; and because her debt-to-income ratio was tied to the marital home, she could not buy a new home until the marital home was sold. Wife also testified that an immediate sale would maximize the community's return on the marital home. She works as a real estate loan officer. The record includes reasonable evidence to support the court's distribution. *See Baum v. Baum*, 120 Ariz. 140, 142 (App. 1978) ("[T]he distribution of marital property is left to the sound discretion of the trial court and will not be disturbed unless clearly erroneous.").

**¶9**         Husband also argues we should reverse the order because the court punished him in violation of A.R.S. § 25-318(A). This argument fails, too. Section 25-318(A) only requires the family court to apportion community property "without regard to marital misconduct," which the court did here. Nor was Husband punished because he possessed no right to refinance the mortgage or acquire the home. *See* A.R.S. § 25-318(A); *Lee*, 133 Ariz. at 121 (explaining "[t]he only inherent limitation on the power of

the trial court to apportion community property" is that the division be substantially equal).

*Retirement Account*

**¶10**      Husband next challenges the family court's division of his retirement account assets. The decree ordered an equal division of $56,192.51 in the retirement account, which represented the total retirement assets when the petition for dissolution was served.

**¶11**      Husband argues the court distributed an inflated sum, $56,192.51, and should have "deduct[ed] the funds" he spent "for the ongoing payment of community expenses from the retirement account balance at the time of termination of the community." But Husband waived this argument when he asked the court to distribute the same amount—$56,192.51—both in his pretrial statement and testimony.

*Credit Card Debt*

**¶12**      Husband contends the court erroneously held the community responsible for $2,000 in credit card payments made to Wife's attorney in the weeks and months before she petitioned for dissolution.

**¶13**      Arizona law presumes that debts incurred during marriage are community debt unless clear and convincing evidence shows one spouse did not intend to benefit the community when he or she incurred the debt. *See Cardinal & Stachel, P.C. v. Curtiss*, 225 Ariz. 381, 383-84, ¶¶ 6-7 (App. 2010).

**¶14**      Because Husband never rebutted the presumption, we affirm. Husband presented no evidence, much less clear and convincing evidence, that Wife did not intend to benefit the community when she incurred the attorney fees. *See Schlaefer v. Fin. Mgmt. Serv., Inc.*, 196 Ariz. 336, 339, ¶ 10 (App. 2000) (clear and convincing evidence is required to overcome presumption pre-petition debts are intended to benefit the community and thus community obligations). And we have recognized that a spouse's pre-petition expenditure of attorney fees may benefit the community by facilitating "the orderly and lawful division of assets." *Id*. at 384, ¶ 10. "[T]he fact that attorney fees may benefit the client spouse more than the community as a whole is not determinative; rather, there need only be some intent to benefit the community. If such intent exists, the attorney fees can be a community debt, despite the fact the proceeding in which they are incurred ultimately will divide the community assets and terminate the community." *Id*.

## II.    Attorney Fees

¶15    And last, Husband appeals the family court's denial of his request for attorney fees, arguing he deserved fees because Wife enjoys a substantial financial disparity and he never took unreasonable positions. We review for an abuse of discretion. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 286, ¶ 29 (App. 2019). The family court has discretion to grant attorney fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25-324(A).

¶16    The court did not abuse its discretion. It found "no substantial disparity of financial resources between the parties," and concluded that both parties "acted unreasonably in the litigation." The record has reasonable evidence to support both findings. *See In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 14 (App. 2008) (noting the determination of the parties' financial resources and reasonableness is left to the sound discretion of the family court). A "trial court may consider a party's settlement position in determining reasonableness under" this statute. *Gutierrez*, 193 Ariz. at 351, ¶ 34.

## CONCLUSION

¶17    We affirm the decree of dissolution. Both parties request an award of attorney fees on appeal under A.R.S. § 25–324. We exercise our discretion to deny both requests after considering the resources and reasonableness of the parties. Wife is awarded her costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

