NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PRAVATI SPV II LLC, *Plaintiff/Appellee,*

*v.*

JUSTIN G. RANDOLPH, et al., *Defendants/Appellants.*

No. 1 CA-CV 22-0340
FILED 7-13-2023

Appeal from the Superior Court in Maricopa County
No.  CV2019-014865
The Honorable Margaret R. Mahoney, Judge *Retired*

**AFFIRMED**

COUNSEL

Greenberg Traurig LLP, Phoenix
By Nicole M. Goodwin, Adrianna Griego Gorton
*Counsel for Plaintiff/Appellee*

Justin G. Randolph, Chicago, IL
*Defendant/Appellant*

Stephanie Sylverne, Chicago, IL
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Jennifer B. Campbell joined.

---

**W E I N Z W E I G**, Judge:

¶1        Justin Randolph and Stephanie Sylverne ("Defendants") appeal from the superior court's confirmation of an arbitration award in favor of Pravati Capital, LLC ("Lender"). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Randolph owned his own law firm ("Law Firm") in Chicago. He operated the Law Firm as a sole proprietorship in 2017, when the Law Firm borrowed $183,960 from Lender "to fund the working capital needs of the Firm." The Law Firm and Lender entered into a Law Firm Funding Contract & Security Agreement ("Agreement") which required the Law Firm to repay the loan, plus interest and fees. Randolph signed the Agreement as the Law Firm's sole owner. He also signed an attached Limited Guarantee Agreement ("Guarantee") as a guarantor.

¶3        The Agreement contained a broad arbitration clause that required arbitration of "any dispute, controversy or claim that may arise between or among [the parties] in connection with, arising out of, or otherwise relating to this Agreement or the application, implementation, validity or breach of this Agreement or any provision of this Agreement."

¶4        Sometime in 2019, the Law Firm breached the Agreement. Lender noticed default in April 2019. The same day, Randolph dissolved the Law Firm and opened a new firm, Randolph & Holloway LLC.

*The Arbitration*

¶5        Lender filed a demand for arbitration with the American Arbitration Association against "Justin G. Randolph and Stephanie A. Sylverne, husband and wife, d/b/a Law Office of Justin G. Randolph," seeking nearly $180,000 in damages for breach of contract, unjust enrichment, and breach of the implied warranty of good faith and fair dealing.

¶6          Defendants moved to dismiss the action, arguing that Randolph did not personally guarantee the loan, and, even if he did, Sylverne was not a proper party because she never signed the Guarantee. *See* A.R.S. § 25-214(C)(2).

¶7          The arbitrator conducted a telephonic hearing on the motion to dismiss, during which "Randolph conceded that at the time the contract was executed, his law practice was a sole proprietorship." The arbitrator then denied the motion, finding the Guarantee was "superfluous" because Randolph, as the sole proprietor, was an actual party to the Agreement, and noting that Arizona law required both spouses be named to obtain relief against the marital community.

¶8          Lender moved to amend its complaint in conjunction with its prehearing brief, increasing the amount of damages and adding fraud and conversion claims. Lender argued Randolph misrepresented facts to induce the loan. Defendants waived their presence at the hearing.

¶9          The arbitrator found Randolph and the marital community liable for the Law Firm's debts because Randolph signed the Agreement as the owner of the Law Firm. The arbitrator also found Randolph individually liable for all debts under the Guarantee. Lender was awarded $183,960 in damages "for breach of contract, fraud, and conversion," as well as interest and attorney fees.

¶10          Lender moved the superior court to confirm the arbitration award and petitioned for judgment. Defendants moved to vacate, parroting the arguments made before the arbitrator, but adding that the arbitrator improperly considered Lender's fraud and conversion claims because they were not included in Lender's original demand.

¶11          The court found the arbitrator did not exceed his authority and rejected the bulk of Defendants' arguments, but it agreed that the arbitrator's final award should not have included damages for "issues and claims" not raised in Lender's original demand. The court thus remanded the action to arbitration, directing the arbitrator to clarify "whether any, and if so how much, of the total award made to [Lender] in the Final Award is attributable to any claims that were not included in the original Demand, such as fraud, conversion or otherwise."

¶12          The arbitrator held a second evidentiary hearing and issued his Second Amended Final Award ("Final Award"), which clarified that $183,960 was awarded as "compensatory damages for breach of contract," and $8,000 was awarded as "additional compensatory contractual

damages." The arbitrator seemed to consider Lender's tort claims, but dismissed the fraud claim and declined to award damages for conversion because such an award would be "duplicative of the damages for breach of contract," and any prejudgment interest on the conversion claim would be subsumed "under the breach of contract claim."

¶13 Lender moved the superior court to confirm the newly amended Final Award, and Defendants again moved to vacate. This time, the court confirmed the award and entered judgment. Lender noticed but never pursued its cross-appeal. Defendants timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1), (6).

## DISCUSSION

¶14 Defendants argue the superior court erroneously confirmed the Final Award because the arbitrator exceeded his powers by (1) "rewriting the contract between the parties to find personal liability" against Randolph and the marital estate, and (2) "granting tort relief and other damages." We review the superior court's confirmation of an arbitration award for abuse of discretion. *The Spaulding LLC v. Miller*, 250 Ariz. 383, 387, ¶ 16 (App. 2020).

¶15 A written arbitration agreement is valid and enforceable under Arizona law. A.R.S. § 12-1501 ("A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable."). And the law "strictly limits the superior court's options after the arbitration process is complete." *Hamblen v. Hatch*, 242 Ariz. 483, 490, ¶ 31 (2017). The superior court cannot modify an arbitration award absent a "statutorily enumerated ground to modify, correct, or vacate the award." *Gregory G. McGill, P.C. v. Ball*, 254 Ariz. 144, 149, ¶ 16 (App. 2022). The court may, however, modify or vacate an arbitration award if an arbitrator has exceeded his power. A.R.S. § 12-3023(A)(4).

¶16 Arbitrators exceed their powers when they decide issues outside of the scope of the arbitration agreement. *See Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz. App. 178, 180 (1974) ("The boundaries of the arbitrators' powers are defined by the agreement of the parties.").

¶17 The arbitrator did not exceed his powers here. The Agreement included a broad arbitration clause, which captured "any dispute, controversy or claim that may arise between or among [the parties] in connection with, arising out of, or otherwise relating to this Agreement

4

or the application, implementation, validity or breach of this Agreement or any provision of this Agreement." This dispute fell squarely under that clause.

**¶18** Defendants next insist the arbitrator erroneously found the marital community was personally liable under the Guarantee. But Defendants "made and lost the same arguments in the arbitration proceeding," *The Spaulding LLC*, 250 Ariz. at 387, ¶ 15, and this court cannot reconsider them on appeal, *see RS Indus., Inc. v. Candrian*, 240 Ariz. 132, 136, ¶ 11 (App. 2016).

**¶19** On top of that, we need not interpret the scope of the Guarantee because it did not matter—Randolph owned and operated the Law Firm as a sole proprietorship. And, as the sole proprietor, he was personally responsible for its debts. *See Mail Boxes v. Indus. Comm'n of Arizona*, 181 Ariz. 119, 121 (1995) ("[A] sole proprietor and the business are one legal entity."); *Miller v. Hehlen*, 209 Ariz. 462, 468, ¶¶ 17–18 (App. 2005) (explaining, "a sole proprietorship using a fictitious name does not have a separate legal existence from the individual business owner," which "protects parties who interact with a sole proprietorship by ensuring that the individual business owner does not obtain a de facto form of limited liability or a benefit to which he or she would not otherwise be entitled") (citations omitted).

**¶20** The marital community was liable for the debt under Arizona law. *See* A.R.S. § 25-215(D) ("spouses shall be sued jointly" in an action on a debt contracted "for the benefit of the community"). Arizona law presumes that debts incurred during marriage are community debts unless clear and convincing evidence shows one spouse did not intend to benefit the community when he or she incurred the debt. *See Cardinal & Stachel, P.C. v. Curtiss*, 225 Ariz. 381, 383–84, ¶¶ 6–7 (App. 2010). Randolph never rebutted that presumption; indeed, he presented no evidence on the point.

**¶21** For their last argument, Defendants contend the arbitrator exceeded his powers when he held them liable for tort damages because the Guarantee expressly excluded tort damages. But again, we need not reach this argument and interpret the Guarantee because the arbitrator awarded no tort damages. *See Walter v. F.J. Simmons & Others*, 169 Ariz. 229, 237 n.3 (App. 1991) (no prejudice when appellant was found not liable for the alleged damages).

**CONCLUSION**

**¶22** We affirm. We also grant Lender's request for attorney fees and costs on appeal, *see* A.R.S. § 12-341.01, contingent upon compliance with ARCAP 21.

